No. 10,100.

THE NEW MARKET NATIONAL BANK *v.* LOCKE ET AL.

PARTNERSHIP.—*Individual Liability.—Creditors.*—A partnership creditor is not entitled to pro-rate with individual creditors in individual property.
SAME.—*Decedents' Estates.—Administrator de son Tort.*—Suit to recover the amount of a bill of exchange drawn by partners, upon the ground that the defendants were liable as administrators *de son tort* of one of the parners who was dead. Answer, that the surviving partner had assets as such sufficient to pay all partnership liabilities, and that the defendants had applied all the property of the deceased to the discharge of his individual liabilities.
*Held,* that the answer was good on demurrer.

From the Vigo Circuit Court.

*G. W. Kleiser* and *J. H. Kleiser,* for appellant.
*S. C. Stimson, R. Dunnigan* and *R. B. Stimson,* for appellees.

FRANKLIN, C.—Appellant sued appellees Leander Locke and Simeon Locke on a bill of exchange executed in the State of Alabama by Joseph H. Locke, Sr., and Joseph Locke, Jr., as partners, under the firm name of J. H. Locke & Son, alleging that Joseph H. Locke, Sr., had died in Vigo county, Indiana, the owner of a large amount of personal property; that after the death of said Joseph, Sr., appellees unlawfully, and without taking out letters of administration, intermeddled with, took possession and disposed of all said personal property, and converted the proceeds thereof to their own use; and that afterwards James H. Kleiser was appointed administrator of said estate, and that said bill of exchange had been filed by the plaintiff as a claim against said estate; that the defendants had become and were chargeable as administrators *de son tort;* that plaintiff, as a creditor of said estate, has become and is damaged by said intermeddling and conversion in the sum of $400, and praying that the defendants be required and compelled to account to said administrator for the value of all of said property that they may have sold, and appropriated the proceeds to their own use.

To this complaint the defendants answered, first, by admitting the bill of exchange, and averring that at the time of decedent's death he and said Joseph H. Locke, Jr., were still co-partners, as when the bill was drawn, and decedent left his partner in business, and that the firm was solvent, and the surviving partner had sufficient partnership assets to pay all its liabilities, including the bill of exchange; that decedent left a widow, who was entitled to her share of said estate, these defendants and two other children as his heirs; that he was individually liable for a large amount of money; that his widow took and kept possession of a large portion of his estate; that these defendants took possession of his stock of goods and business, to prevent it being wasted; that the same did not exceed $——— in value, and that they have paid all of said debts, amounting to more than the value of the assets taken by them, etc.

A demurrer was sustained to the second paragraph. The defendants afterwards filed a third and additional paragraph, which stated the same facts more specifically, and averred that they took possession of the property by an agreement with the widow and all the heirs, for the purpose of continuing the business, for its main value depended upon its continuance without intermission, and defendants agreed to pay out of said goods and business and the proceeds thereof the individual debts of the decedent; and they aver that they have paid all such debts against said estate, amounting to $5,000, and fully settled with the widow and all the heirs, before the appointment of any administrator, and before any application therefor had been made; that said administrator was not a creditor or heir, but a stranger to said estate; that there was no estate then to be administered, and that neither the widow nor any of the heirs had any notice of said application until months after the appointment had been made.

There was a demurrer overruled to this paragraph of answer, and a reply in denial filed. There was a trial by the court, and, at the request of defendants, the court made a special finding, and stated its conclusions of law, in favor of the defendants. A motion for a new trial was overruled, and judgment rendered for the defendants. The errors assigned are:

1st. Overruling the demurrer to the first paragraph of the answer.

2d. Overruling the demurrer to the third paragraph of the answer.

3d. Overruling the motion for a new trial.

The demurrers to both paragraphs of the answer may be considered together.

The first objection made to these paragraphs of answer is that they do not answer the whole complaint; that they only admit the taking possession of the stock of goods. We think they are more comprehensive than thus construed; they admit the taking possession of the stock of goods and the business of the decedent—this includes all the property he

owned in connection with his business; and they aver that they had paid all the individual indebtedness of the decedent, and that such indebtedness amounted to more than the value of all the property that they had so taken possession of; that the partnership was solvent, and the surviving partner had in his hands sufficient partnership assets to pay all the partnership debts, including the plaintiff's claim. A partnership creditor is not entitled to pro-rate with individual creditors in individual property. We think these paragraphs answer the whole complaint.

The next objection to these paragraphs of answer is that they are pleaded in bar, when they can only be considered in mitigation; that even if the defendants had paid the individual debts, amounting to more than the value of the property taken by them, they would still be liable as intermeddlers for nominal damages. This might be true if the suit had been brought in the name of the administrator, who was entitled to the possession of the property; but even then a judgment will not be reversed where only nominal damages are involved. Though in this case, the action being in the name of a creditor, who was not entitled to the possession of the property, he could not maintain an action for nominal damages; he could only recover for substantial damages. The 15th section of the act for the settlement of decedents' estates, 2 R. S. 1876, p. 495, under which this suit was commenced, provides that a creditor can only recover to the extent of the damages occasioned by the intermeddling. Appellant admits that the appellees are entitled to a credit for what they have paid upon the individual indebtedness of decedent. We think the paragraphs are sufficient in bar to answer plaintiff's complaint. There was no error in overruling the demurrers to them.

Under the third error assigned, the overruling of the motion for a new trial, it is insisted that the evidence does not sustain the finding of the court.

We can not state the substance of the evidence better than to

give the special findings of the court, which are not lengthy and read as follows : " That on the 16th day of January, 1879, Joseph H. Locke departed this life in the city of Terre Haute, Vigo county, Indiana, intestate, leaving the defendants and others, Joseph H. Locke, Jr., and Mary A. Walmsley, his children, and Nancy Locke, his widow; that at the time of his death he was the owner of individual personal property of the value of $3,000, consisting of a stock of goods, mainly the value of all the property left by decedent in Terre Haute, not exceeding in value $3,000; that at the time of the death of decedent he owed individual creditors to the amount of $3,500; that, at the time of the death of decedent, J. H. Locke, son of decedent, with the consent of the widow and heirs, took possession of the entire property, and sold and disposed of the same from time to time, and applied the proceeds to the payment of the individual debts of decedent; that by so doing he was enabled to pay all the individual debts of decedent, and pay the widow her $500; that all the individual debts of decedent, under the arrangement herein mentioned, were fully paid before the commencement of this suit, to the satisfaction of the individual creditors, widow and heirs of decedent; that at the time of the death of decedent said firm was solvent, and worth $———, clear of liabilities; that on June 12th, 1873, said firm of J. H. Locke & Son drew the bill of exchange, in the complaint mentioned, for $261.15, of which the complainant is now the owner; that the same has never been paid; that said assets of said firm were in existence in Mobile, in the hands of J. H. Locke, surviving partner, at the time of the commencement of this suit; that no steps have been taken in the State of Alabama to enforce the collection of said bill of exchange; that no portion of the assets of the firm in Alabama are in the hands of the defendants herein; that the said bill of exchange is the only debt of said firm unpaid."

Upon the foregoing facts the court finds the following conclusions of law :

" 1st. That the individual property of decedent was first liable for his individual debts.

" 2d. That as the defendants had applied all the individual property of decedent to the payment of all his individual debts, with the consent of his widow and heirs, before the commencement of this suit, leaving no surplus, they are not chargeable in this action as administrators of their own wrong, and are not liable to account to the administrator of decedent's estate since appointed for the property so applied. The court, therefore, finds for the defendants."

We have carefully examined the evidence, and, although in some respects conflicting, we think it fully sustains the special findings of the court, and they sustain the general finding. There is no error in overruling the motion for a new trial.

This case having been tried since the Revised Statutes of 1881 went into force, a question might be raised as to whether it could be prosecuted in the name of a creditor while there was an administrator of the estate; but this question is not presented or discussed by counsel.

We find no available error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.